In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-512 CR


____________________



JOHN LESLIE LOW, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 05-05-04629-CR






MEMORANDUM OPINION


 John Leslie Low entered a non-negotiated guilty plea to the second degree felony
offense of aggravated assault causing serious bodily injury. See Act of May 28, 2003, 78th
Leg., R.S., ch. 1019, § 3, 2003 Tex. Gen. Laws 2963, amended by Act of May 27, 2005, 79th
Leg., R.S., ch. 788, § 3, 2005 Tex. Gen. Laws 2709 (current version at Tex. Pen. Code Ann.
§ 22.02(a)(1) (Vernon Supp. 2006)); Tex. Pen. Code Ann. § 12.33 (Vernon 2003). The trial
court convicted Low and imposed a sentence of twenty years of confinement in the Texas
Department of Criminal Justice Correctional Institutions Division.

 On appeal, Low's counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On March 29, 2007, we granted an extension of time for the appellant to file a pro
se brief. We received no response from appellant.

 We reviewed the appellate record, and we agree with counsel's conclusion that no
arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005); cf. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm
the trial court's judgment. (1)

 AFFIRMED.

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on July 2, 2007

Opinion Delivered August 1, 2007

Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.